# EXHIBIT A

FILED: RICHMOND COUNTY CLERK 11/19/2020 09:09 AM
NYSCEF DOC. NO. 1
INDEX NO. 152171/2020
RECEIVED NYSCEF: 11/19/2020

Case 1:21-cv-04089-BMC   Document 1-1   Filed 07/21/21   Page 2 of 20 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------X
STANISLAW ROSZKO,

                                      Plaintiff,

                -against-

LOWE'S HOME CENTERS, LLC., LOWE'S
COMPANIES, INC.

                                 Defendant(s)
------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiffs designate
**RICHMOND County** as the
place of trial.

The basis of venue is:
plaintiff's residence in
Richmond County

**To the above-named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
          November 16, 2020

                                                    _____
                                                    Andrew Green, Esq.
                                                    GREEN & SZYMANSKI, LLP
                                                    195 Montague Street, 14th Street
                                                    Brooklyn, NY 11201
                                                    (718) 872-9292

TO:    LOWE'S HOME CENTERS, LLC., via Secretary of State

        LOWE'S COMPANIES, INC., 1000 Lowe's Blvd., Mooresville, NC 28117

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------------X
STANISLAW ROSZKO,

                     Plaintiff,         Index No.:

      -against-                 **COMPLAINT**

LOWE'S HOME CENTERS, LLC, and LOWE'S
COMPANIES, INC.

                   Defendant(s).
-----------------------------------------------------------------------X

Plaintiff, STANISLAW ROSZKO, by his attorney, GREEN & SZYMANSKI, LLP, complaining of the defendant(s), LOWE'S HOME CENTERS, LLC, and LOWE'S COMPANIES, INC., respectfully alleges, upon information and belief:

## THE PARTIES

1. The plaintiff, STANISLAW ROSZKO, is a resident of the State of New York, County of Richmond.

2. That at all times herein mentioned, Defendant, LOWE'S HOME CENTERS, LLC is and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times herein mentioned, the Defendant LOWE'S HOME CENTERS, LLC, is and has been a foreign corporation, duly authorized to do business in the State of New York.

4. That at all times herein mentioned, Defendant, LOWE'S COMPANIES, INC. is and has been a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times herein mentioned, the Defendant LOWE'S COMPANIES, INC., is and has been a foreign corporation, duly authorized to do business in the State of New York.

6. That this action is being commenced within the time allowed by law.

### THE UNDERLYING FACTS

7. That at all times herein mentioned, the Defendant, LOWE'S HOME CENTERS, LLC., owned the premises, and appurtenances, fixtures thereto located at 2171 Forest Avenue, Staten Island, NY 10303 ("hereinafter the premises").

7. That at all times herein mentioned, the Defendant, LOWE'S HOME CENTERS, LLC operated the premises located at 2171 Forest Avenue, Staten Island, NY 10303.

8. That at all times herein mentioned, the Defendant, LOWE'S HOME CENTERS, LLC managed the premises located at 2171 Forest Avenue, Staten Island, NY 10303.

9. That at all times herein mentioned, the Defendant LOWE'S HOME CENTERS, LLC controlled the premises located at 2171 Forest Avenue, Staten Island, NY 10303.

10. That at all times herein mentioned, the Defendant, LOWE'S HOME CENTERS, LLC maintained the premises located at 2171 Forest Avenue, Staten Island, NY 10303.

11. That at all times herein mentioned, the Defendant, LOWE'S HOME CENTERS, LLC repaired the premises at 2171 Forest Avenue, Staten Island, NY 10303.

12. That at all times herein mentioned, the Defendant, LOWE'S COMPANIES, INC., owned the premises, and appurtenances, fixtures thereto located at 2171 Forest Avenue, Staten Island, NY 10303 ("hereinafter the premises").

13. That at all times herein mentioned, the Defendant, LOWE'S COMPANIES, INC. operated the premises located at 2171 Forest Avenue, Staten Island, NY 10303.

14. That at all times herein mentioned, the Defendant, LOWE'S COMPANIES, INC. managed the premises located at 2171 Forest Avenue, Staten Island, NY 10303.

15. That at all times herein mentioned, the Defendant LOWE'S COMPANIES, INC. controlled the premises located at 2171 Forest Avenue, Staten Island, NY 10303.

16. That at all times herein mentioned, the Defendant, LOWE'S COMPANIES, INC. maintained the premises located at 2171 Forest Avenue, Staten Island, NY 10303.

17. That at all times herein mentioned, the Defendant, LOWE'S COMPANIES, INC. repaired the premises at 2171 Forest Avenue, Staten Island, NY 10303.

18. On August 7, 2020, and at all times herein mentioned Plaintiff, STANISLAW ROSZKO, was a lawfully upon the aforesaid premises located at 2171 Forest Avenue, Staten Island, NY 10303.

19. On August 7, 2020, and at all times herein mentioned, while Plaintiff STANISLAW ROSZKO was lawfully about the aforesaid premises, he was caused to sustain serious and permanent injuries as a result of a dangerous and defective condition of premises.

20. That the above mentioned occurrence, and the results thereof, were caused by the carelessness and negligence of the defendants, and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

21. Among other things, defendants, through their agents, servants, and or employees, was careless and negligent in their ownership, operation, control, care, custody, charge, supervision, management, repair and maintenance of the aforesaid premises; in causing, creating, permitting, and or allowing a dangerous, hazardous, defective, and unsafe condition upon said

4

premises; in failing to undertake proper and/or adequate safety studies, surveys or inspections; in failing to provide plaintiff with reasonably safe condition on the subject premises; in failing to properly operate the aforementioned premises; in negligently causing plaintiff to be injured while he was lawfully at the subject premises; in failing to repair dangerous condition of the premises prior to the accident, despite prior notice of the same, including; in failing to avoid the aforesaid accident which was foreseeable; and the defendant was otherwise reckless, careless and negligent.

22. As a result of the defendants' carelessness and negligence, the plaintiff was caused to suffer severe and permanent personal injuries; plaintiff required emergency hospital and medical care and attention; plaintiff was required to undergo x-rays, MRI and/or CT scans, as well as other medical care and treatment; plaintiff sustained severe pain and suffering; upon information and belief, plaintiff will require future medical care and attention; plaintiff has been unable to attend to his work and/or usual duties; plaintiff has become substantially disabled; plaintiff has been otherwise damaged; all of which damages are permanent in nature and continuing into the future.

23. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

24. That by reason of the foregoing, Plaintiff, STANISLAW ROSZKO, has been damaged in a substantial amount to be determined by the Supreme Court of the State of New York which amount exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction thereof.

**WHEREFORE**, the plaintiff demands judgment against the defendant(s) in a substantial amount to be determined by the Supreme Court of the State of New York which amount exceeds the jurisdictional limits of all lower courts, which might otherwise have jurisdiction thereof.

Dated: Brooklyn, New York
    November 16, 2020

Yours,

Andrew Green, Esq.
GREEN & SZYMANSKI, LLP
195 Montague Street, 14th Floor
Brooklyn, NY 11201
(718) 872-9292

*GREEN & SZYMANSKI, LLP*

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

STANISLAW ROSZKO,

                     Plaintiff,

-against-

LOWE'S HOME CENTERS, LLC and LOWE'S COMPANIES, INC..,

                     Defendant(s).

SUMMONS and COMPLAINT

```
GREEN & SZYMANSKI, LLP.
    Attorneys for Plaintiff
195 Montague Street, 14th Floor
    Brooklyn, New York 11201
       (718) 872-9292
```

STATE OF NEW YORK
SUPREME COURT : COUNTY OF RICHMOND

STANISLAW ROSZKO,

                    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC and
LOWE'S COMPANIES, INC.

                    Defendants.

**ANSWER**

Index No.: 152171/2020

        Defendant, Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Centers, LLC and Lowe's Companies, Inc.") ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Answer to the plaintiff's Complaint, responds as follows, upon information and belief:

        1.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

        2.      Lowe's denies the allegations contained in paragraph 2 of the Complaint.

        3.      In response to paragraph 3 of the Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 3 of the Complaint.

        4.      Lowe's denies the allegations contained in paragraph 4 of the Complaint.

        5.      In response to paragraph 5 of the Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Lowe's denied the allegations contained in paragraph 6 of the Complaint.

7. Lowe's denies the allegations contained in paragraph 7 of the Complaint.

7. In response to the second paragraph numbered "7" in the Complaint, Lowe's admits that Lowe's operated a home improvement retail store on the premises located at 2171 Forest Avenue, Staten Island, New York 10303, and denies any remaining allegations contained within the second paragraph numbered "7" in the Complaint.

8. Lowe's denies the allegations contained in paragraph 8 of the Complaint.

9. Lowe's denies the allegations contained in paragraph 9 of the Complaint.

10. Lowe's denies the allegations contained in paragraph 10 of the Complaint.

11. Lowe's denies the allegations contained in paragraph 11 of the Complaint.

12. Lowe's denies the allegations contained in paragraph 12 of the Complaint.

13. Lowe's denies the allegations contained in paragraph 13 of the Complaint.

14. Lowe's denies the allegations contained in paragraph 14 of the Complaint.

15. Lowe's denies the allegations contained in paragraph 15 of the Complaint.

16. Lowe's denies the allegations contained in paragraph 16 of the Complaint.

17. Lowe's denies the allegations contained in paragraph 17 of the Complaint.

18. Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. Lowe's denies the allegations contained in paragraph 19 of the Complaint.

20. Lowe's denies the allegations contained in paragraph 20 of the Complaint.

21. Lowe's denies the allegations contained in paragraph 21 of the Complaint.

22. Lowe's denies the allegations contained in paragraph 22 of the Complaint.

23. Lowe's denies the allegations contained in paragraph 23 of the Complaint.

24. Lowe's denies the allegations contained in paragraph 24 of the Complaint.

25. Lowe's denies each and every other allegation of the Complaint not hereinbefore specifically admitted, denied, or otherwise controverted.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

26. The injuries and/or damages alleged in the Complaint were caused in whole or in part by the culpable conduct, want of care, and assumption of risk on the part of the plaintiff, and without negligence, fault, or want of care on the part of Lowe's.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

27. If Lowe's is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

28. The Complaint fails to state a cause of action against Lowe's.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

29. The plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within the control of Lowe's.

3

## AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

30. That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's is entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment.

## AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

31. Plaintiff failed to mitigate his alleged damages.

## AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

32. The underlying incident and alleged resulting injuries were not proximately caused by any action or inaction of Lowe's.

## AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

33. Plaintiff was the sole proximate cause of the alleged incident and his alleged injuries.

## AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

34. In the event the Plaintiff seeks to recover a verdict or judgment against Lowe's, then said verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

35. If the plaintiff receives or has received sums of money in settlement of the claims asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the plaintiff against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

36. Any risks and dangers at the time and place set forth as the location of the happening of the incident as alleged in the Complaint were open, obvious, and apparent.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

37. Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the Plaintiff.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

38. Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

    a. Dismissing plaintiff's Complaint, or

    b. Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the plaintiff's damages;

5

    c. Limiting plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

    d. Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
   December 28, 2020

                GOLDBERG SEGALLA LLP

                *[signature]*
                Kenneth L. Bostick, Jr., Esq.
                *Attorney for Defendants*
                *Lowe's Home Centers, LLC*
                665 Main Street
                Buffalo, New York 14203
                (716) 566-5400

TO: Andrew Green, Esq.
   Green & Szymnski, LLP
   *Attorneys for Plaintiff*
   195 Montague Street, 14th Floor
   Brooklyn, New York 11201
   (718) 872-9292

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
----------------------------------------------------------------------X
STANISLAW ROSZKO,

                              Plaintiff(s),

                              **REQUEST FOR A**
                              **PRELIMINARY**
                              **CONFERENCE**

    -against-

                              Index No.: 152171/20

LOWE'S HOME CENTERS, LLC.,
LOWE'S COMPANIES, INC.                    JSC_____

                          Defendant(s).
----------------------------------------------------------------------X

        The undersigned requests a preliminary conference to manage discovery between the parties.

        The nature of the action is personal injury.

        The names and telephone numbers of all attorneys appearing in the action are as follows:

Plaintiff
Green & Szymanski, LLP.
195 Montague Street, 14th Fl
Brooklyn, NY 11201
(718) 872-9292

Defendant(s):
Goldberg Segalla, LLP
665 Main Street
Buffalo. NY 14203
(716) 566-5400

Dated:    Brooklyn, New York
           January 4, 2021

                                                Yours, etc.,

                                                _____
                                                Andrew Green, Esq.
                                                GREEN & SZYMANSKI, LLP
                                                Attorneys for Plaintiff
                                                195 Montague Street, 14th Fl
                                                Brooklyn, NY 11201
                                                (718) 872-9292

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (rev. 07/29/2019)

Richmond Supreme COURT, COUNTY OF Richmond

Index No: 152171/2020           Date Index Issued: 11/19/2020

**For Court Use Only:**
IAS Entry Date
Judge Assigned
RJI Filed Date

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

STANISLAW ROSZKO

Plaintiff(s)/Petitioner(s)

-against-

LOWE'S HOME CENTERS, LLC, LOWE'S COMPANIES, INC

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY:** Specify how many properties the application includes: ____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential ☐ Commercial
  Property Address: _____

*NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*

- ☐ Tax Certiorari - Section: ___ Block: ___ Lot: ___
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution [see NOTE in COMMERCIAL section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**MATRIMONIAL**
- ☐ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ☐ Asbestos
- ☐ Child Victims Act
- ☐ Environmental (specify): _____
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☒ Other Negligence (specify): Premises Liability
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ CPLR Article 75 (Arbitration) [see NOTE in COMMERCIAL section]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING:** Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |  |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: | 11/19/2020 |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: | 11/25/2020 |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: | _____ |

**NATURE OF JUDICIAL INTERVENTION:** Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined: _____
- ☐ Notice of Motion    Relief Requested: _____    Return Date: _____
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Poor Person Application
- ☒ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

**RELATED CASES:** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES:** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties (List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | Attorneys and/or Unrepresented Litigants (For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email.) | Issue Joined (For each defendant, indicate if issue has been joined.) | Insurance (For each defendant, indicate insurance carrier, if applicable.) |
|---|---|---|---|---|
| ☐ | Name: ROSZKO, STANISLAW<br>Role(s): Plaintiff/Petitioner | ANDREW GREEN, Green & Szymanski, LLP, 195 Montague Street, 14th Floor, BROOKLYN, NY 11201, 718-872-9292, ag21000@gmail.com | ☒ YES ☐ NO |  |
| ☐ | Name: LOWE'S HOME CENTERS, LLC<br>Role(s): Defendant/Respondent | KENNETH BOSTICK JR., Goldberg Segalla LLP, 665 Main St, Buffalo, NY 14203, kbostick@goldbergsegalla.com | ☒ YES ☐ NO |  |
| ☐ | Name: LOWE'S COMPANIES, INC<br>Role(s): Defendant/Respondent | KENNETH BOSTICK JR., Goldberg Segalla LLP, 665 Main St, Buffalo, NY 14203, kbostick@goldbergsegalla.com | ☒ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |
| ☐ | Name:<br>Role(s): |  | ☐ YES ☐ NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 01/04/2021

ANDREW GREEN
Signature

2934776
Attorney Registration Number

ANDREW GREEN
Print Name

*This form was generated by NYSCEF*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
JUDGE DIDOMENICO, CATHERINE M



| | |
|---|---|
| STANISLAW ROSZKO <br><br> - v. - <br><br> LOWE'S HOME CENTERS, LLC et al | Index No.   152171/2020 |

## COURT NOTICE

A preliminary conference, in the above caption action, is scheduled to be held by telephone with the Honorable Catherine M. DiDomenico, on February 18, 2021 at 11:30 A.M.  Counsel is directed to call chambers at 718-675-7880.  After all counsel are on the line, the case will be conferenced. If there are any questions, please email Mr. Dale, at KDale@nycourts.gov

DATED 01/04/2021                                         FILED By Robert Volpe

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND PART IAS 11
--------------------------------------------------------------- X
                              Plaintiff,

Stanislaw Ruszko

    - Against -                                    PRELIMINARY CONFERENCE
                                                   ORDER

Lowee Henry, JSC J al.                             Index No. 152171/2020

                              Defendants.
--------------------------------------------------------------- X

As per a telephonic conference on __2/18/21__, all counsel have agreed to the terms of the following Order:

**Document Discovery-** Plaintiff to serve and upload a copy of his Bill of Particulars to the E-filing system within __@ 15__ days. All outstanding document discovery, including the exchange of authorizations, and responses to Notices for Discovery and Inspection, shall be exchanged within __90__ days of this Order. - Plaintiff to respond to demands; Def to respond to p/demands.

**Depositions-** Depositions of all parties shall be conducted on or before __120 days__. Both parties have consented to the use of remote means, such as Zoom or Skype for Business to conduct the depositions at this time. In the event that the current public health emergency subsides before EBT's are conducted, the parties may modify this stipulation to request an in-person deposition.

**Physical Examination-** IME to be noticed within __20__ days of the Plaintiff's EBT, held within __30__ days of being noticed, and the resulting Report exchanged within __30__ days of the examination having been held.

*Due to the current extenuating circumstances, any timeframes contained herein may be reasonably extended upon a showing of good cause.

**Settlement Conference / Compliance Conference-** Matter is hereby adjourned for an early intervention settlement conference to _____ at _____ Matter shall also appear for a compliance conference which shall be held on __7/22/21 at 10:00 am__.

Dated: 2/18/21

                                                   _____
                                                   Hon. Catherine M. DiDomenico
                                                   Acting Justice Supreme Court

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND PART IAS 11
-------------------------------------------------------------------- X

Roszko         Plaintiff(s),           COMPLIANCE
                                       CONFERENCE
      - Against-                       ORDER

Forbes                                 Index No. 152171/20

               Defendants.
-------------------------------------------------------------- X

As per a telephonic conference held on __5/27/21__, counsel for all parties have agreed to the terms of the following Order.

Document Discovery- All parties to respond to any outstanding discovery demands within __30 days__. days of this order.

Depositions- All party EBT's to be conducted on or before __90 days__. EBT's shall be conducted remotely at this time, however if the current health crisis subsides, any party may request an in-person EBT.

IME- Physical examination of the Plaintiff to be Noticed within 20 days of the Plaintiff's EBT. Said examination shall be held within 45 days of being noticed, and the resulting report exchanged within 30 days of the examination having been held.

Compliance Conference / Settlement Conference- Matter is adjourned for a further compliance conference / settlement conference which shall be held on __9/08/21 at 10:30 a.m.__

Dated: 5/27/21

_____
Hon. Catherine M. DiDomenico
Acting Justice Supreme Court